**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

Dated: December 7, 2023



Guy R. Humphrey
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| *In re*: | : | |
| | : | Case No. 23-31595 |
| SEAN KRISTIAN TARPENNING, | : | Chapter 7 |
| | : | Judge Humphrey |
| *Debtor.* | : | |
| | : | |

### ORDER GRANTING MOTION TO TRANSFER
### CASE TO THE DISTRICT OF KANSAS (DOC. 44)

**Procedural Background**

On October 2, 2023 the debtor, Sean Kristian Tarpenning (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Doc. 1. On October 23, 2023 Christopher J. Redmond, the Chapter 7 Trustee in U.S. Real Estate Equity Builder, LLC [No. 20-21358 (Bankr. D. Kan.)], Steven R. Rebein, the Chapter 7 Trustee in USREEB Dayton LLC [No. 20-21359 (Bankr. D. Kan.)], and Darcy D. Williamson, the Chapter 7 Trustee in 1 Big Red LLC [No. 21-20044 (Bankr. D. Kan.)] (collectively, the "Kansas Trustees" and the "Kansas Entities," respectively) moved to transfer this case to the District of Kansas. Doc. 44. The transfer motion was joined by creditors Kraan Investments (USA) LLC, Kraan Memphis LLC (collectively, "Kraan"), and Trevor Tsuchikawa (Docs. 42, 44). The Debtor has objected to the

motion. Doc. 53. No other party, including the Chapter 7 Trustee in this case, Eileen Field, has filed a response.

Pursuant to the court's scheduling order (Doc. 58), the court held a telephonic prehearing conference on November 21, 2023 and scheduled an in-person evidentiary hearing for December 5, 2023. Eric Johnson and Patricia Friesinger appeared for the Kansas Trustees. Brian Holland appeared for Kraan. The Debtor, through a December 4, 2023 email to chambers, requested to appear by telephone. Consistent with the court's scheduling order, the court permitted the Debtor to appear by phone but limited the Debtor's participation in the hearing to argument. See Doc. 58 (ordering that if "any party files witness and exhibit lists and proposed exhibits in accordance with this order, the hearing will proceed in person . . . ."). The Debtor did not object to this limitation nor did any other party object to his limited participation. The court admitted the Kansas Trustees' exhibits 1 through 25 without objection.

## Findings of Fact

The evidence showed that the Debtor lives in Leawood, Kansas. Kansas Trustees (KT) Ex. 12 at 2. The Debtor does not have any assets in Ohio, and has few connections with Ohio. He scheduled a single-family house located at 14 Nassau Street, Dayton, Ohio; however, that property was deeded in August 2020 to MoveIt Along Construction LLC ("MoveIt Along"). There was no evidence that that property is titled to the Debtor personally. The evidence established that MoveIt Along is a Delaware limited liability company authorized to do business in Missouri. KT Exs. 1, 2; Ex. 12 at 12. The Debtor indicated he has a membership interest in MoveIt Along and apparently included the Property on Schedule A for that reason. KT Ex. 12 at 12. The Debtor is also a defendant in a single piece of litigation pending before the Montgomery County (Ohio) Court of Common Pleas. KT Ex. 12 at 45.

The Debtor has strong connections to Kansas. First, he is domiciled there. KT Ex. 12 at 2. Second, he resides there. *Id.* Third, all the Kansas Entities were placed into Chapter 11 in Kansas by the Debtor, apparently based on his membership interest in a trust for which the Debtor is a trustee. See KT Ex. 14 (Debtor's Statements of Related Cases). None of these companies are incorporated in Ohio, although USREEB Dayton LLC appears to have conducted business in Ohio.

In addition, the Debtor is a party to multiple pieces of litigation in the Bankruptcy Court for the District of Kansas, the District Court for the District of Kansas, and various Kansas state courts. KT Ex. 12 at 46-49; KT Ex. 15-17; 21-24.

## Analysis

Venue in bankruptcy cases is established as follows:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

11 U.S.C. § 1408. The Sixth Circuit has concluded that 28 U.S.C. § 1406 governs when the court determines whether venue is improper. *Thompson v. Greenwood*, 507 F.3d 416, 420-21 (6th Cir. 2007). Under § 1406, this court has two options: dismissal or transfer to a venue in which venue would have been proper if the petition was originally filed in that district:

3

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
> (b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.
> (c) As used in this section, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.

28 U.S.C. § 1406.[1] If venue is proper, transfer is governed by § 1412, which states that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. This dichotomy is consistent with Bankruptcy Rule 1014 which provides that:

> **(a) Dismissal and transfer of cases.**
>
> (1) *Cases filed in proper district*. If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.
>
> (2) *Cases filed in improper district*. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a).

---

[1] The Sixth Circuit has concluded that, although Title 11 cases are not specifically referenced, § 1406 includes bankruptcy cases. *Thompson v. Greenwood*, 507 F.3d 416, 419 (6th Cir. 2007).

4

The court finds that the venue in the Bankruptcy Court for the Southern District of Ohio is improper. The Debtor is not domiciled in this district, does not reside here, and does not have any assets here, much less his principal assets. Even if the Debtor was a sole proprietor, which there was no evidence he was, the Debtor's principal place of business is not in this district either. *Broady v. Harvey* (*In re Broady*), 247 B.R. 470, 473 (B.A.P. 8th Cir. 2000) (finding that a sole proprietor does business where the business is located).

The court finds dismissal is not appropriate and this case requires a Chapter 7 Trustee to review this bankruptcy estate's assets and to determine how best to proceed. It appears that legal issues involving whether certain assets belong to this estate, or the estates of the various corporate entities, may need to be resolved. The Debtor's schedules in this case appear quite incomplete, the meeting of creditors has not occurred, and the court is not willing to dismiss a Chapter 7 case that may have potential assets to liquidate for the benefit of the Debtor's creditors. If this case is dismissed, the creditors may lose a potential recovery. There is no absolute right to dismiss any Chapter 7 case, and the court finds that dismissal is not in the best interests of creditors. See *In re Stephenson*, 262 B.R. 871, 873-74 (Bankr. W.D. Okla. 2001) (finding no absolute right to dismiss a Chapter 7 case and that dismissal would be prejudicial to creditors).

The only remaining question is which venue is appropriate for transfer of this case. The Debtor resides and is domiciled in Kansas, and this alone establishes the District of Kansas as an appropriate venue. Any other venue besides Kansas appears to invite litigation in multiple forums, is inconvenient for all the parties and counsel, and almost certainly would add unnecessary expense. Indeed, even the Debtor did not appear in person for this hearing. The evidence established that, except for the one lawsuit in Dayton, Ohio, most of the other litigation

surrounding the Debtor's business interests is in Kansas. This fact is confirmed in the Debtor's own Statement of Financial Affairs. Ex. 12 at 45-49. In addition, the bankruptcy cases for the Kansas Entities were filed by the Debtor in Kansas and remain pending in Kansas. While there was scant evidence to conclude that the Debtor is an affiliate of the Kansas Entities for purposes of § 1408(2), the pendency of those cases, and the litigation pending involving the Debtor in those cases, further supports that Kansas is the appropriate forum for the Debtor's Chapter 7 case.

Under the Bankruptcy Rules, the court can transfer a case with an improper venue to any district "in the interest of justice or for the convenience of the parties." Fed. R. Bankr. P. 1014(a)(2). But the Sixth Circuit has indicated that under § 1406(a), the transfer must be to a place in which venue would have been appropriate if the case was originally filed there and that the statute trumps the rule. *Thompson*, 503 F.3d at 422 (citing Fed. R. Bankr. P. 9030). That venue is the District of Kansas and none of the parties, including the Debtor, have suggested any other specific venue.

Nevertheless, the Debtor argues that he cannot get a fair shake in the Bankruptcy Court for the District of Kansas. The Debtor strenuously argued that the Kansas Trustees sought and obtained "gag orders" in the Kansas cases that prohibit him from representing himself in those cases or even in his own case. Of course, individual parties have the right to represent themselves in federal court proceedings. 28 U.S.C. § 1654. With respect to the orders in the Kansas Entities' cases, it appears the so-called "gag orders" are focused on prohibiting the Debtor from filing documents in those bankruptcy cases while he is represented by counsel.[2] KT Exs. 5, 8, 11. To the extent the Debtor becomes pro se, a minute entry from the bankruptcy court indicates that the court would "revisit" the issue. KT Ex. 10. This court considers it a basic legal principle that if

---

[2] The other aspect of the Modified Order is to require depositions to occur at the courthouse in Kansas.

you have counsel, the filings need to be made by counsel and not the party. See 28 U.S.C. § 1654 (stating that "parties may plead or conduct their own cases personally *or* by counsel") (emphasis added); Fed. R. Bankr. P. 9010 (same); See also *Henderson v. Collins*, No. 1:94-cv-106, 2015 WL 519247, at *1, 2015 U.S. Dist. LEXIS 15254, at *2 (S.D. Ohio Feb. 9, 2015) (determining that a party represented by counsel may not file papers pro se). The other focal point of those orders appears to be an attempt to keep the Debtor from interfering with the Kansas Trustees' ability to liquidate those bankruptcy estates in an orderly fashion.

However, the more fundamental point with respect to the orders issued by the Kansas Bankruptcy Court is that the Debtor needs to address his concerns with any such orders with the Bankruptcy Court for the District of Kansas. He had the opportunity to appeal those orders and still has the opportunity to seek clarification of those orders. The judge that enters an order is in the best position to interpret his or her intention and to otherwise address any concerns with the orders. A collateral attack of an order may not be used in place of a direct appeal from that order. Such a ruling would not be an appropriate use of this court's jurisdiction. *Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2014).

Finally, even if venue was proper in this court, transfer to the District of Kansas is still the appropriate course. For the reasons already explained, this court determines a transfer to the District of Kansas would both be more convenient and in the interests of justice for all of the parties in interest. 28 U.S.C. § 1412.

## Conclusion

For all these reasons, the Motion to Transfer Venue is **granted**. The Clerk shall transfer this Chapter 7 case to the District of Kansas forthwith.

**IT IS SO ORDERED.**

Copies to:

All Creditors and Parties in Interest