UNITED STATES BANKRUPTCY COURT

DISTRICT OF KANSAS

In re:

**Sean K. Tarpenning,**

Debtor.

**Case No. 23-21455**

**Chapter 7**

---

**MOTION FOR SANCTIONS TO ADDRESS HARASSMENT, DISCRIMINATION, AND ABUSE OF PROCESS DURING COURT PROCEEDINGS ON AUGUST 22, 2024**

---

## JURISDICTION

**This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.**

---

**COMES NOW the Debtor, Sean K. Tarpenning, Pro Se, and respectfully submits this Motion to Address Harassment, Discrimination, and Abuse of Process that occurred during the court proceedings held on August 22, 2024.** In support of this Motion, the Debtor states as follows:

---

## I. INTRODUCTION

1. Debtor, Sean K. Tarpenning, appeared in person at a hearing related to his Chapter 7 bankruptcy case (Case No. 23-21455) on August 22, 2024. During this proceeding,

attorneys Sharon Stolte of Sandberg Phoenix, Stephen S. Krogmeier of Sader Law Firm, Eric Johnson of Spencer Fane, Louis J. Wade of Lewis Rice, and Christopher Redmond of Redmond Law Firm engaged in conduct that constituted harassment, discrimination, abuse of the legal process, and attempted to intimidate the Debtor and Mackaylee Beach through bullying and malicious statements.

2. This Motion seeks to address the inappropriate actions taken by these attorneys, which have raised significant concerns for the safety and well-being of the Debtor, Mackaylee Beach, and their families.

## II. THREATENING TO MALICIOUSLY INFLUENCE GOVERNMENT AUTHORITIES

1. **Threats Involving U.S. Marshals:**
    - **Attorney Stephen S. Krogmeier** brazenly boasted about how his office had repeatedly called the U.S. Marshals on the Debtor, not to relay factual events, but to intimidate and harass. There has never been an instance between the Debtor and Krogmeier that would justify the intervention of the U.S. Marshals. Despite this, Krogmeier threatened the Debtor with the involvement of the Marshals and other government entities and actively encouraged other attorneys to do the same without cause if they had not already contacted these entities. This discussion among the attorneys underscores a deliberate and coordinated intent to misuse legal processes as tools of oppression and intimidation.
    - **Eric L. Johnson's Prior Use of U.S. Marshals:** On June 4th, 2021, Eric Johnson has a history of using U.S. Marshals as a means of intimidation and boasted to other attorneys about doing so against the Debtor. Indicating a pattern of harassment and misuse of authority.
2. **Mocking and Disparagement:**
    - The attorneys openly mocked the Debtor's pro se filings, making derogatory and demeaning comments intended to undermine his confidence and credibility as a pro se litigant. They also discussed the Debtor's ongoing civil cases in Jackson County with an intent to disparage and ridicule him.

- **Mocking of Legal Representation:** In addition to mocking the Debtor's pro se efforts, the attorneys also made disparaging remarks about the Debtor's decision to hire attorneys **Justin T. Balbierz and Mark J. Lazzo from Lazzo Law**. These comments were intended to further undermine the Debtor's confidence in his legal representation and to intimidate him by belittling his choices in legal counsel.
- The attorneys' behavior in this regard was not only unprofessional but also part of a broader pattern of harassment intended to cause distress to the Debtor and his legal team.

3. **Harassment of Mackaylee Beach:**

- The attorneys extended their harassment to Mackaylee Beach, discussing potential actions against her in a manner that was threatening and intended to cause distress. The Debtor and Ms. Beach are now deeply concerned for their safety and that of their families due to the hostile behavior demonstrated by these attorneys.
- **Impact on Safety and Well-Being:** The Debtor and Ms. Beach have been and are now more deeply concerned for their safety and that of their families due to the hostile and aggressive behavior demonstrated by these attorneys. The fact that the attorneys targeted Ms. Beach, who was merely there to support the debtor Mr. Tarpenning, underscores the extent to which these attorneys are willing to misuse their positions of power to intimidate and harass.
- **Ex Parte Order:** Given the severity of the harassment and the reasonable fear for her safety, as well as for the safety of her children, Mrs. Beach respectfully requests that this Court issue an ex parte order against the attorneys involved, preventing them from further contacting or harassing her in any way. This protective measure is necessary to ensure the safety and peace of mind of both Mrs. Beach and her children.
- **Conduct Order:** Additionally, Mrs. Beach requests that a conduct order be filed on record against these attorneys, mandating that they cease all harassing behavior

and adhere strictly to professional conduct standards in any future proceedings related to this case. This order would serve as a formal record of their misconduct and a clear directive to prevent further violations, thereby protecting Mrs. Beach, her children, and ensuring the integrity of the legal process.

4. **Inappropriate Use of Bankruptcy Case:**

    - The attorneys inappropriately referenced the Debtor's Chapter 7 bankruptcy case to discuss unrelated civil matters, misusing the bankruptcy process to exert undue pressure and pursue personal vendettas.

5. **Representation and Harassment by Sader Law:**

    - Attorneys Stephen S. Krogmeier, Bradley McCormick, and Neil Sader of Sader Law, who represent Daniel Toshner and Trevor Tsuchikawa, have engaged in a pattern of harassment against the Debtor and his family since 2019. Bradley McCormick, who previously represented John Wheeler in bankruptcy case No. 13-42909-can7, is implicated in ongoing harassment and fraudulent activities related to the Debtor's cases.

6. **Improper Questioning in the US Real Estate Equity Builder Case No. 20-21358:**

    - During the §341 meeting of creditors on November 30, 2020, in the US Real Estate Equity Builder LLC bankruptcy case, U.S. Trustee Christopher Borniger and Bradley McCormick asked about John Wheeler, who had no direct relationship to the case. This inappropriate line of questioning appeared to be an attempt to intimidate and harass the Debtor.

7. **Documented Threats of Violence and " Gangsters on the Ground ":**

    - In August and October 2020, Trevor Tsuchikawa informed the Debtor that Daniel Toshner had made threatening statements, saying, "I have gangsters on the ground coming after Sean." The gangster referenced was John Wheeler and other co-conspirators, who then began stalking the Debtor's children, their mother, and the Debtor. This threat, combined with further harassment, has caused significant distress to the Debtor and his family.

- The Debtor has been in contact with the **Leawood Police Department and the Kansas Bureau of Investigations (KBI)** regarding these threats. The Debtor has provided video proof of cars parked outside of his house at odd hours taking pictures, and on one occasion, the Debtor's family had to take cover from perpetrators seen on video. These incidents further substantiate the ongoing threats and the need for protective measures.

8. **Suspicious Activity Involving Eric Johnson and Christopher Redmond:**

- On August 22, 2024, during the hearing, Eric Johnson called Christopher Redmond out of the courtroom into the hallway. The Debtor believes that Eric Johnson deliberately pulled Redmond outside the courtroom knowing that the Debtor was present. Upon their return, their demeanor suggested that something significant had occurred during their time outside the courtroom. Once they returned, Christopher Redmond moved to sit next to Eric Johnson, further indicating the significance of their interaction. The Debtor respectfully requests that the Court review the courtroom video from this date to further investigate this suspicious activity.

---

## III. LEGAL DOCTRINES AND STATUTORY VIOLATIONS

### 1. Abuse of Process Doctrine:

The actions of the attorneys in this case may indeed constitute abuse of process, a common law tort that occurs when legal procedures are misused for ulterior motives. As established in Nienstedt v. Wetzel, 133 Ariz. 348, 651 P.2d 876 (Ariz. Ct. App. 1982), the essential elements of abuse of process include:

- A willful act in the use of judicial process; and
- An ulterior purpose not proper in the regular conduct of proceedings.

**Key Points from Nienstedt v. Wetzel:**

- **Process** encompasses a broad range of procedures incident to litigation, not just narrow legal process definitions.
- Subjecting an opponent to excessive legal fees and expenses can constitute an improper ulterior purpose, leading to abuse of process liability.

Additionally, **Nienstedt** emphasizes that liability arises when:

- The awareness of causing additional legal expenses progresses to an **actual purpose of doing so**.
- The use of legal procedures becomes so unjustified that they lose their **legitimate function**.

**Application to the Present Case:**

- **Ulterior Motive**: The attorneys' actions appear driven by a desire to harass, intimidate, and oppress, rather than to resolve legitimate legal issues.
- **Willful Improper Use of Process**: The threats involving U.S. Marshals, mockery of pro se filings, and leveraging the bankruptcy case for unrelated matters could be viewed as improper uses of legal process, which have lost their legitimate function.

**Consideration of Heck v. Humphrey:**

While **Heck v. Humphrey, 512 U.S. 477 (1994)** primarily deals with §1983 claims, it emphasizes the need to avoid collateral attacks on the validity of government actions through tort claims. This principle could suggest caution when using abuse of process claims to indirectly challenge otherwise valid legal proceedings.

However, in this situation, the specific actions described—threats, mockery, and leveraging unrelated cases—go beyond merely pursuing valid legal proceedings. These actions could potentially support an abuse of process claim under the **Nienstedt** framework, as they appear to misuse the legal system for improper purposes.

While **Heck v. Humphrey** warns against using tort claims to challenge valid legal proceedings, the **expanded view of abuse of process** in **Nienstedt v. Wetzel**, combined with the egregious nature of the attorneys' actions, suggests that an **abuse of process claim** may be **viable** in this case.

2. **Federal Debt Collection Practices Act (FDCPA) § 806:**
    - Section 806 of the FDCPA prohibits debt collectors from engaging in any conduct intended to harass, oppress, or abuse any person in connection with the collection of a debt. If the attorneys involved are acting on behalf of creditors, their conduct may fall under the purview of this statute. The use of threats and harassment, as described, is precisely the type of conduct that § 806 seeks to prevent. In *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985), the court recognized that conduct leading to harassment or oppression, even if not yet physically harmful, can be actionable under the FDCPA.
3. **Intentional Infliction of Emotional Distress (IIED):**
    - Ms. Beach and the Debtor, Sean K. Tarpenning, have both endured severe emotional distress as a result of the intentional and malicious actions of the attorneys involved. The attorneys' conduct, including threats of involving the U.S. Marshals and other government entities, as well as their repeated harassment and intimidation tactics, were aimed at causing significant emotional harm. These actions meet the legal threshold for IIED, as they were extreme, outrageous, and intended to cause—or recklessly disregarded the likelihood of causing—severe emotional distress. **Ms. Beach and the Debtor will pursue claims for IIED**, seeking damages for the severe emotional distress and anxiety caused by the attorneys' conduct.
4. **42 U.S.C. § 1983 - Civil Rights Violations:**

    A) **Section 1983 Overview:**

- **42 U.S.C. § 1983** is a federal statute that allows individuals to sue for civil rights violations, specifically when a person acting under the color of state law deprives them of their constitutional rights. This statute, part of the Civil Rights Act of 1871,

provides a critical legal mechanism for addressing and remedying abuses of power by those who act with state authority.

B) **Attorneys as State Actors:**

- While private attorneys are generally not considered state actors, there are specific circumstances under which they may be deemed as such. These circumstances include:
    - When attorneys are appointed by the court, such as public defenders or court-appointed trustees.
    - When performing functions that are traditionally reserved to the state, or when they are significantly involved with state officials in the deprivation of rights.
    - When their actions are so closely related to state authority that they can be fairly treated as actions of the state itself.

C) **Application to the Present Case:**

- **Attorney Involvement with State Entities:** In this case, the actions of the attorneys involved, particularly those who have boasted about and threatened to involve the U.S. Marshals and other government entities without cause, may cross the threshold into acting under the color of state law. Their actions appear to misuse state authority to harass, intimidate, and oppress the Debtor and those associated with him.
- **Potential Liability under § 1983:** If these attorneys are found to have acted as state actors, they could potentially be held liable under § 1983 for civil rights violations. This includes their coordinated efforts to misuse legal processes and government authority as tools of oppression, which may violate the Debtor's constitutional rights to due process and equal protection under the law.

D) **Color of State Law:**

- The phrase "**under color of state law**" refers to the misuse of power possessed by virtue of state law. In this case, the attorneys' actions, including their threats and

attempts to engage state actors such as the U.S. Marshals, could be interpreted as acting under color of state law, thereby making them liable under § 1983.

The potential involvement of these attorneys in actions that could be construed as state action provides a basis for considering a claim under 42 U.S.C. § 1983. This is particularly relevant in light of their apparent attempts to involve and misuse state power to further their harassment and intimidation of the Debtor, which could constitute a violation of his civil rights.

5. **Professional Conduct Rules:** The behavior of the attorneys in question violates numerous rules of professional conduct, including but not limited to:

    a. **ABA Model Rule 3.1: Meritorious Claims and Contentions**
    The attorneys' actions, particularly the threats involving U.S. Marshals and harassment of Mackaylee Beach, appear to lack any basis in law or fact.

    b. **ABA Model Rule 3.4: Fairness to Opposing Party and Counsel**
    The attorneys' conduct, including mocking the Debtor's pro se filings, violates the principle of fairness to opposing parties.

    c. **ABA Model Rule 4.4: Respect for Rights of Third Persons**
    The attorneys' actions towards the Debtor and Ms. Beach appear to have no substantial purpose other than to embarrass, delay, or burden them.

    d. **ABA Model Rule 8.4: Misconduct**
    The attorneys' conduct involves dishonesty, is prejudicial to the administration of justice, and constitutes harassment based on socioeconomic status.

    These violations are particularly egregious given the attorneys' positions of trust and responsibility within the legal system.

6. **Bankruptcy Code § 105(a):**

    - 11 U.S.C. § 105(a) grants the court broad authority to issue orders necessary to prevent an abuse of process and to ensure fair proceedings. The actions of these

attorneys, particularly their misuse of the §341 meeting and related legal processes, are precisely the type of abuse that § 105(a) is designed to prevent.

- Bankruptcy courts, like other federal courts, have inherent sanctioning powers to enforce compliance with their orders and prevent abuse of process. The Second Circuit has affirmed the inherent authority of bankruptcy courts to impose civil contempt sanctions. In In re Markus, 78 F.4th 554 (2nd Cir. 2023), the Second Circuit upheld and clarified that the inherent power of a bankruptcy court includes the ability to impose significant civil sanctions to compensate injured parties and coerce compliance. This authority is necessary to prevent the misuse of legal procedures, such as those exhibited by the attorneys involved in this case, and to ensure that the legal process is respected.
- Under 11 U.S.C. § 105(a), bankruptcy courts have the power to issue orders necessary to prevent an abuse of process. The actions described in this motion—including the misuse of legal procedures, threats of involving government entities, and harassment—are exactly the kind of misconduct that this provision is designed to address. As noted in the Markus case, civil contempt sanctions are an important tool for deterring improper conduct and ensuring adherence to court orders.

7. **Due Process Violations:**

- The conduct described infringes upon the Debtor's constitutional right to due process under the Fifth and Fourteenth Amendments. The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law," and the Fourteenth Amendment extends this protection against actions by state actors. The harassment, intimidation, and misuse of legal processes by the attorneys involved can be seen as a deliberate attempt to deny the Debtor a fair and impartial legal proceeding, thus violating these constitutional rights.
- **Kansas Constitution:**
    1. Section 1 - Equal Rights: The attorneys' actions violate the Debtor's right to equal protection under the law as guaranteed by Section 1 of the Kansas Bill of Rights. Their conduct has created an environment of discrimination

and harassment, which is contrary to the principles of equal and inalienable rights.

2. Section 2 - Political Power: The misuse of legal processes by these attorneys undermines the fundamental principle that all free governments are instituted for the equal protection and benefit of all citizens. This misuse of power has resulted in significant harm to the Debtor, undermining his confidence in the legal system and its ability to protect his rights.
3. Section 18 - Justice Without Delay: The attorneys' conduct has interfered with the Debtor's right to have justice administered without delay. Their actions have caused unnecessary delays and have obstructed the fair administration of justice, in violation of Section 18 of the Kansas Bill of Rights.

**8. Malicious Prosecution:**

- The repeated threats of calling U.S. Marshals and filing complaints, particularly if done without probable cause and with malicious intent, it constitutes as a form of malicious prosecution.

**9. Tortious Interference:**

- The attorneys' actions, particularly those extending to Mackaylee Beach, could be construed as tortious interference with the Debtor's personal and business relationships.

**10. Breach of Fiduciary Duty:**

- If any of these attorneys have fiduciary responsibilities in the bankruptcy proceedings, their actions could be seen as a breach of those duties.

**11. Violation of the Bankruptcy Code's "Fresh Start" Policy:**

- The actions of these attorneys are contrary to the fundamental "fresh start" policy underlying bankruptcy law, as codified in various provisions of the Bankruptcy Code.

**12. Abuse of Judicial Process:**

- The misuse of judicial proceedings for improper purposes, such as harassment and intimidation, constitutes an abuse of the judicial process.

## IV. CONCLUSION AND REQUEST FOR ACTION

1. The conduct of attorneys Sharon Stolte of Sandberg Phoenix, Stephen S. Krogmeier of Sader Law Firm, Bradley McCormack of Sader Law Firm, Neil Sader of Sader Law Firm, Eric Johnson of Spencer Fane, Christopher Redmond of Redmond Law Firm, Patricia E. Hamilton of Stevens and Bands Law, and Darcy Williams of Williams Law Firm, constitutes a clear and egregious violation of both legal and ethical standards, as well as the Debtor's constitutional rights under both the United States and Kansas Constitutions. Their actions represent a pattern of harassment, discrimination, abuse of process, and due process violations that have not only undermined the integrity of these proceedings but have also placed the Debtor, Mackaylee Beach, and their families in significant distress and fear for their safety.

2. The systematic misuse of legal procedures by these attorneys, including involving THE U.S. Marshals, disparaging remarks about pro se filings, and inappropriate discussions concerning unrelated matters, has severely compromised the fairness and impartiality that the judicial system is supposed to uphold. Furthermore, the orchestrated harassment and intimidation directed towards the Debtor and his associates, including the use of misleading and potentially malicious tactics, has exacerbated an already challenging situation, transforming it into one of profound personal and legal jeopardy.

3. **It must be emphasized that any future references to or calls involving the U.S. Marshals by these attorneys would constitute more than mere harassment; it would be a deliberate and malicious act of intimidation and abuse of power. Such actions would further demonstrate a blatant disregard for legal ethics, a calculated attempt to misuse law enforcement as a tool for oppression, and a violation of the Debtor's constitutional rights under both the United States and Kansas Constitutions.** This court must take all necessary steps to prevent such conduct and ensure that the legal process is not weaponized in this manner.

4. **Additionally, the Debtor respectfully requests that the attorneys involved in this case be ordered to contact the U.S. Marshals and all other government entities they**

**have previously contacted, to inform them of the false reports and improper actions they have taken.** This is crucial to prevent further misuse of law enforcement and governmental resources and to ensure that these entities are aware of the ongoing misconduct and false information being propagated by these attorneys.

5. **Moreover, both Mackaylee Beach and Sean Tarpenning formally request a written apology from all attorneys involved in this misconduct on August 22nd, 2024, including Sharon Stolte, Stephen S. Krogmeier, Louis J. Wade, and Christopher Redmond.** This apology should acknowledge the harm caused by their actions and demonstrate a commitment to refraining from such behavior in the future.

6. **Ex Parte and Conduct Orders:** Given the severity of the harassment and the ongoing concern for their safety, both Mackaylee Beach and Sean Tarpenning, along with their children, respectfully request that this Court issue:

    - **Ex Parte Orders** to protect them from further contact or harassment by the attorneys involved. These orders are necessary to ensure their safety and peace of mind.
    - **Conduct Orders** filed on record, mandating that the attorneys cease all harassing behavior and adhere strictly to professional conduct standards in any future proceedings related to this case. These orders would serve as a formal record of their misconduct and a clear directive to prevent further violations.

7. WHEREFORE, the Debtor respectfully requests that this Honorable Court take immediate and decisive action to address these severe breaches of conduct and ensure that justice is upheld. Specifically, the Debtor requests that the Court:

    1. **Investigate the behavior of the aforementioned attorneys** for potential violations of the Fair Debt Collection Practices Act (FDCPA), due process rights, tortious interference, intentional infliction of emotional distress, abuse of process, and professional conduct rules. A thorough investigation is imperative to determine the full extent of the misconduct and to hold those responsible accountable.

2. **Implement protective measures** to safeguard the Debtor, Ms. Beach, and their families from any further harassment, intimidation, or threats. Such measures may include restraining orders or other legal protections deemed necessary to prevent further harm and ensure their safety and peace of mind.

3. **Hold all of the attorneys accountable for their actions** by imposing appropriate sanctions, penalties, or other disciplinary measures. The integrity of the legal process must be preserved, and the rights of all parties involved must be protected from further abuse.

4. **Review the courtroom video from August 22, 2024** to thoroughly investigate the suspicious activity involving Eric Johnson and Christopher Redmond. This review is crucial in understanding the full scope of the potentially improper conduct that occurred during this hearing and in ensuring that any further violations are addressed promptly and appropriately.

5. **Order the attorneys to contact the U.S. Marshals and all other relevant government entities** that have been contacted by the attorneys involved, to inform them of the false reports and improper actions taken by these attorneys. This is necessary to correct any misinformation and prevent further abuse of law enforcement and government resources.

**8.** The Debtor is prepared to provide any additional information, documentation, or testimony that may assist the Court in its investigation and in making a fair and just determination regarding the matters raised in this motion.

**Respectfully submitted,**

/s/ Sean K. Tarpenning

Sean K. Tarpenning
440 E 63rd Street
Kansas City, MO 64110
seantarp@gmail.com
816-337-0736

## CERTIFICATE OF SERVICE

I, Sean K. Tarpenning, hereby certify that on September 4th, 2024, I caused the foregoing Motion to be served by electronic transmission through the Court's ECF system to all registered ECF users appearing in the case, including:

CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 4th, 2024 at the address(es) listed below:

**All other parties listed on the Court's CM/ECF service list.**

**Trustee**

Office of the United States Trustee 301 North Main, Suite 1150
Wichita, KS 67202

All Attorneys of Sader Law,
2345 Grand Blvd #2150, Kansas City, MO 64108

**Sharon** L. **Stolte, Sandberg Phoenix Shareholder**
**4600 Madison Avenue, Suite 1000**
**Kansas City, MO 64112**
sstolte@sandbergphoenix.com

Louis J. Wade
Member
lwade@lewisricekc.com
1010 Walnut
Suite 500
Kansas City, MO 64106

All other parties listed on the Court's CM/ECF service list.

**AFFIDAVIT OF MACKAYLEE BEACH**

STATE OF MISSOURI
COUNTY OF JACKSON

**BEFORE ME**, the undersigned authority, personally appeared Mackaylee Beach, who, being duly sworn, deposes and states as follows:

1. My name is Mackaylee Beach, and I am of legal age and competent to make this affidavit. I am providing this affidavit based on my personal knowledge of the events described herein.
2. I am aware of the ongoing legal proceedings involving Sean K. Tarpenning, the Debtor in Chapter 7 bankruptcy case No. 23-21455. I have been directly involved and impacted by the actions taken by various attorneys during these proceedings.
3. I have been subjected to harassment and threats stemming from these legal proceedings. Attorneys Sharon Stolte, Stephen S. Krogmeier, Neil Sader, Bradley McCormack, Eric Johnson, and Christopher Redmond, with the assistance of the U.S. Trustee's office, primarily Christopher Borniger, have engaged in actions that have caused significant distress and concern for my safety and the safety of my family.
4. I am aware that Sean Tarpenning has video evidence of the incidents mentioned above and that these events have contributed to the ongoing harassment we have experienced since 2019.

**FURTHER AFFIANT SAYETH NAUGHT.**

Mackaylee Beach
______________________________

**Mackaylee Beach**

SWORN TO AND SUBSCRIBED before me this 4 day of September, 2024, by Mackaylee Beach, who is personally known to me or who has produced a license as identification.

Reina Mazariegos Lopez

**Notary Public**

My Commission Expires: 7/28/25

REINA A. MAZARIEGOS LOPEZ
Notary Public, Notary Seal
State of Missouri
Jackson County
Commission # 21976292
My Commission Expires 07-28-2025