**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **In re:**<br><br>**US Real Estate Equity Builder, LLC,**<br><br>**Debtor.** | )<br>)<br>)<br>)<br>)<br>) | **Case No. 20-21358-7** |
| **In re:**<br><br>**US Real Estate Equity Builder Dayton LLC,**<br><br>**Debtor.** | )<br>)<br>)<br>)<br>)<br>) | **Case No. 20-21359-7** |
| **In re:**<br><br>**1 Big Red LLC,**<br><br>**Debtor.** | )<br>)<br>)<br>)<br>)<br>) | **Case No. 21-20044-7** |
| **In re:**<br><br>**Sean Tarpenning,**<br><br>**Debtor.** | )<br>)<br>)<br>)<br>)<br>) | **Case No. 23-21455-7** |

**JOINT MOTION TO APPROVE SETTLEMENT AND COMPROMISE**

Christopher J. Redmond, the duly appointed Chapter 7 Trustee of U.S. Real Estate Equity Builder, LLC, Steven R. Rebein, the duly appointed Chapter 7 Trustee of USREEB Dayton LLC, and Darcy D. Williamson, the duly appointed Chapter 7 Trustee in the 1 Big Red LLC

(collectively, the "Business Trustees") in the Chapter 7 bankruptcy cases pending before the United States Bankruptcy Court for the District of Kansas, Case No. 20-21358, Case No. 20-21359, and Case No. 21-20044 (the "Business Cases"), and Patricia Hamilton, the duly appointed Chapter 7 Trustee for the bankruptcy estate (the "Individual Estate") of Sean Tarpenning ("Individual Trustee", together with the Business Trustees, the "Trustees") in the case pending before the United States Bankruptcy Court for the District of Kansas, Case No. 23-21455 (the "Individual Case") file this Joint Motion to Approve Settlement and Compromise (the "Motion"). In support of this Motion, the Trustees respectfully state:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. Debtors US Real Estate Equity Builder LLC ("USREEB") and US Real Estate Equity Builder Dayton LLC ("USREEB Dayton") commenced their captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 2, 2020.

3. On December 10, 2020, Eric Johnson was appointed Chapter 11 Trustee for the USREEB and USREEB Dayton (the "Former Trustee").

4. On motion of the Former Trustee, the USREEB and USREEB Dayton cases were converted to Chapter 7 on September 8, 2022.

5. On September 12, 2022, Christopher Redmond ("USREEB Trustee") was appointed as the Chapter 7 Trustee over USREEB's bankruptcy estate and Steven Rebein ("Dayton Trustee") was appointed Chapter 7 Trustee over the USREEB Dayton's bankruptcy estate.

6. On January 15, 2021, 1 Big Red LLC ("1 Big Red") commenced its captioned case by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 2, 2020. 1 Big Red shares common ownership with USREEB and USREEB Dayton.

7. On October 2, 2022, the USREEB Trustee and Dayton Trustee commenced adversary proceedings against several parties including against the principal of USREEB and USREEB Dayton, Sean Tarpenning ("Tarpenning"), and certain of his non-debtor affiliated companies, 1 Big Blue LLC and The One and Only, LLC. The USREEB Trustee and Dayton Trustee have filed proofs of claim in the 1 Big Red bankruptcy case and in each other's cases related to claims among the estates.

8. The 1 Big Red case was converted to Chapter 7 on December 28, 2022.

9. On December 28, 2022, Darcy Williamson ("1 Big Red Trustee") was appointed as the Chapter 7 Trustee over 1 Big Red's bankruptcy estate.

10. On January 14, 2024, the 1 Big Red Trustee commenced adversary proceedings against several parties including against Tarpenning and his non-debtor affiliated company, Always Ready LLC. The 1 Big Red Trustee filed proofs of claim in the USREEB and USREEB Dayton bankruptcy cases.

11. The One and Only, LLC, and Always Ready LLC are collectively referred to as the "Non-Debtor Entities."[1] Upon information and belief, the Non-Debtor Entities do not have active operations.

12. Tarpenning filed the following claims in the Business Cases:

[1] The Individual Estate's interest in the 1 Big Blue was deemed abandoned by the Individual Estate as of December 30, 2025. See Doc. 441 and 447.

a. USREEB: Claim No. 48-1: $106,884.50 for Tarpenning's attorneys' fees, plus an unspecified amounts related to additional attorneys' fees and contribution claims;

b. USREEB Dayton: Claim No. 25-1: $41,837.50 for Tarpenning's attorneys' fees, plus an unspecified amounts related to additional attorneys' fees and contribution claims; and

c. 1 Big Red: Claim No. 9-1: $14,309.23 for Tarpenning's attorneys' fees, plus an unspecified amounts related to additional attorneys' fees and contribution claims.

13. On October 2, 2023, Tarpenning filed an individual Chapter 7 case. On or about December 8, 2023, the Individual Trustee was appointed trustee of the his Chapter 7 case after the case was transferred to this Court.

14. The Business Trustees each filed the following claims in the Individual Case related to the adversary proceedings pending against Tarpenning and the Non-Debtor Entities:

a. USREEB Dayton Estate: Claim No. 26-1

b. USREEB Estate: Claim No. 29-1.

c. 1 Big Red Estate: Claim No. 27-1.

(the "Business Trustee Claims"). The adversary proceedings were stayed given the Individual Case. While the Business Trustees believe them to be meritorious, the Business Trustee Claims have not been fully liquidated. However, the potential liability between the three claims is in excess of $1,000,000.00.

15. In his amended Statement of Financial Affairs, Tarpenning lists having ownership in USREEB, USREEB Dayton, and 1 Big Red (the "Business Entities"), 1 Big Blue LLC, and several of the Non-Debtor Entities. With respect to the Non-Debtor Entities, the Business Trustees have alleged that they are alter egos of Tarpenning. *See, e.g.,* Adv. No. 22-6048 Doc. (Count 46); Adv. No. 23-6001, Doc. 34.

16. Tarpenning has not yet received his discharge, but neither the Individual Trustee, nor the Business Trustees have objected to the same.

17. The Business Trustees are in the process of winding down the Business Cases. After negotiation, the Trustees have resolved Business Trustees' claims against the Individual Estate and the Individual Estate's claims against the Business Entities' estates pursuant to the following terms (the "Proposed Settlement"):

a. The Individual Estate will have the following allowed claims in the Business Cases (the "Allowed Claims"):

   i. USREEB: Claim No. 48-1: $106,884.50;

   ii. USREEB Dayton: Claim No. 25-1: $41,837.50; and

   iii. 1 Big Red: Claim No. 9-1: $14,309.23.

b. Upon approval of the Court, the Business Trustees will withdraw with prejudice their claims against the Individual Estate.

c. Upon approval of the Proposed Settlement, the Individual Estate and the Non-Debtor Entities will be deemed to have released any and all manner of actions, causes of action, suits, proceedings, debts, dues, judgments, damages, claims, property damages, expenses, liabilities, rights to payment, acts and/or omissions, demands, and all other claims of every kind, nature, and description, whatsoever, liquidated and unliquidated, fixed and/or contingent, matured and unmatured, priority or non-priority, disputed and/or undisputed, legal or equitable, secured and unsecured, accrued and unaccrued, known and unknown, choate and inchoate, whether based on statutory law, common law, federal law, state law, local law, or otherwise, that they may each have or may have against the Former Trustee, the Business Trustees, and their respective estates and professionals that have accrued or arisen from the beginning of time to the entry of the Order approving the Proposed Settlement except for the Allowed Claims.

d. Upon approval of the Proposed Settlement, the Business Entities' estates, will be deemed to have released any and all manner of actions, causes of action, suits, proceedings, debts, dues, judgments, damages, claims, property damages, expenses, liabilities, rights to payment, acts and/or omissions, demands, and all other claims of every kind, nature, and description, whatsoever, liquidated and unliquidated, fixed and/or contingent, matured and unmatured, priority or non-priority, disputed and/or undisputed, legal or equitable, secured and unsecured, accrued and

unaccrued, known and unknown, choate and inchoate, whether based on statutory law, common law, federal law, state law, local law, or otherwise, that they may each have or may have against Tarpenning, the Individual Trustee, the Individual Estate, the Non-Debtor Entities, and their respective professionals from the beginning of time to the entry of the Order approving the Proposed Settlement.

## RELIEF REQUESTED

18. By this Motion, the Trustees seeks entry of the Proposed Order attached as Exhibit A that provides for the following (the "Requested Relief"):

a. Approving the Proposed Settlement and implementing terms and releases contained therein;

b. Authorizing the dismissal of claims in the pending adversary proceedings against Tarpenning, 1 Big Blue LLC, and the Non-Debtor Entities with prejudice and with each parties to bear their own costs;

c. Finding that the Proposed Settlement is without admission of liability or viability of the various asserted claims and meant to facilitate the orderly closing of the various estates and cease ongoing administrative expense; and

d. Finding that notice of the Motion was accurate, appropriate, reasonable and legally sufficient under the circumstances and in accordance with applicable Bankruptcy Code provisions and Bankruptcy Rules.

## BASIS FOR RELIEF

19. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In the Tenth Circuit, "[a] bankruptcy court's approval of a compromise may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion." *Reiss v. Hagmann*, 881 F.2d 890, 891-92 (10th Cir. 1989). "The bankruptcy court's decision to approve the settlement, however, must be an informed one based upon objective evaluation of developed facts." *Id.* at 892. In discussing how to evaluate the standard set forth in *Reiss*, courts have found that the bankruptcy court's general charge is "to determine whether the settlement is fair and equitable and in the best interest of the estate." *Official Committee of Unsecured Creditors of Western Pacific Airlines, Inc.*

*v. Western Pacific Airlines, Inc.*, 219 B.R. 575, 579 (D. Colo. 1998). In considering this general charge, the Court should look at the following factors:

> "[T]he probable success of the litigation on the merits;"
>
> "[A]ny potential difficulty in collection of a judgment;"
>
> "[T]he complexity and expense of the litigation;" and
>
> "[T]he interests of creditors in deference to their reasonable views."

*Id.; see also Kopp v. All Am. Life Ins. Co.,* 213 B.R. 1020, 1022 (10th Cir. B.A.P. 1997). To approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *See In re Penn. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd,* 8 F.3d 812 (3d Cir. 1993).

20. The Trustees submit that consideration of the above-listed factors weighs in favor of approval of the Proposed Settlement, especially considering many existing facts and circumstances, including, without limitation:

a. The Proposed Settlement is the result of arms'-length, good faith negotiations among the parties;

b. The Proposed Settlement will expeditiously resolve disputed issues of law and fact with respect to the claims against and by the Individual Estate and Non-Debtor Entities ending years' long litigation and without further litigation costs;

c. The Proposed Settlement will facilitate the ultimate closing of the Business Cases and distribution to their respective creditors; and

d. The Proposed Settlement will allow the Individual Estate to recover assets that will be available for its creditors and will facilitate the closing of its estate.

21. Given the circumstances, the Trustees believe the Proposed Settlement is the best result obtainable and is well above the lowest point in the range of reasonableness. For these reasons, the Trustees request the Court approve the Proposed Settlement.

22. The Trustees intend to serve this Motion to all parties listed on the mailing matrix for Debtor's case via regular, U.S. Mail. Upon completion of the same, the Trustees will file the appropriate certificate of service with the Court evidencing service on such parties.

WHEREFORE, Trustees respectfully request that this Court enter an order granting the Requested Relief, and for such other and further relief as this Court deems just and proper.

Dated: August 26, 2026

Respectfully submitted,

SPENCER FANE LLP

By: */s/ Andrea M. Chase*

Eric L. Johnson KS #20542
Andrea M. Chase KS #26307
Camber M. Jones KS Fed # 78907
1000 Walnut St., Suite 1400
Kansas City, Missouri 64106-2140
Phone: 816-474-8100
Facsimile: 816-474-3216
Email: ejohnson@spencerfane.com
achase@spencerfane.com
cjones@spencerfane.com

COUNSEL FOR THE BUSINESS TRUSTEES

Stevens & Brand, LLP

*/s/Patricia E. Hamilton*

PATRICIA E. HAMILTON, KS Bar No. 13263
4848 SW 21st St., Ste. 201
Topeka, KS 66604
785-408-8000 phone
785-408-8003 fax
phamilton@stevensbrand.com

Counsel for the Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August 2026, a true and correct copy of the above and foregoing document was electronically filed with the Court using the CM/ECF system, which will send notice of electronic filing to all parties requesting notice pursuant to Bankruptcy Rule 2002 and other interested parties. The Trustee will file a supplemental certificate of service of additional notice parties.

*/s/Andrea M. Chase*
Attorney for the Business Trustees

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **In re:** | ) | |
| **US Real Estate Equity Builder, LLC,** | ) | **Case No. 20-21358-7** |
| **Debtor.** | ) | |

| | | |
|---|---|---|
| **In re:** | ) | |
| **US Real Estate Equity Builder Dayton LLC,** | ) | **Case No. 20-21359-7** |
| **Debtor.** | ) | |

| | | |
|---|---|---|
| **In re:** | ) | |
| **1 Big Red LLC,** | ) | **Case No. 21-20044-7** |
| **Debtor.** | ) | |



**EXHIBIT A**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Sean Tarpenning,** | ) | **Case No. 23-21455-7** |
| | ) | |
| **Debtor.** | ) | |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AND COMPROMISE**

This matter comes before the Court upon Joint Motion of Christopher J. Redmond, the duly appointed Chapter 7 Trustee of U.S. Real Estate Equity Builder, LLC, Steven R. Rebein, the duly appointed Chapter 7 Trustee of USREEB Dayton LLC, and Darcy D. Williamson, the duly appointed Chapter 7 Trustee in the 1 Big Red LLC (collectively, the "Business Trustees") in the Chapter 7 bankruptcy cases pending before the United States Bankruptcy Court for the District of Kansas, Case No. 20-21358, Case No. 20-21359, and Case No. 21-20044 (the "Business Cases"), and Patricia Hamilton, the duly appointed Chapter 7 Trustee for the bankruptcy estate of Sean Tarpenning ("Individual Trustee", together with the Business Trustees, the "Trustees") in the case pending before the United States Bankruptcy Court for the District of Kansas, Case No. 23-21455 (the "Individual Case") to Approve Settlement and Compromise (the "Motion"). Upon consideration of the Motion, notice of the Motion being accurate, appropriate, reasonable and legally sufficient, there being no objection, and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is GRANTED and the Court approves the Proposed Settlement[1] as set out in the Motion.

2. The Individual Estate will have the following allowed claims in the Business Cases (the "Allowed Claims"):

a. USREEB: Claim No. 48-1: $106,884.50;

b. USREEB Dayton: Claim No. 25-1: $41,837.50; and

c. 1 Big Red: Claim No. 9-1: $14,309.23.

3. The Business Trustees are hereby authorized to withdraw their claims against the Individual Estate and are further authorized to dismiss the claims in the pending adversary proceedings against Tarpenning, 1 Big Blue, LLC, and the Non-Debtor Entities with each party to bear its own costs.

4. The Individual Estate and the Non-Debtor Entities are hereby deemed to have released any and all manner of actions, causes of action, suits, proceedings, debts, dues, judgments, damages, claims, property damages, expenses, liabilities, rights to payment, acts and/or omissions, demands, and all other claims of every kind, nature, and description, whatsoever, liquidated and unliquidated, fixed and/or contingent, matured and unmatured, priority or non-priority, disputed and/or undisputed, legal or equitable, secured and unsecured, accrued and unaccrued, known and unknown, choate and inchoate, whether based on statutory law, common law, federal law, state law, local law, or otherwise, that they may each have or may have against the Former Trustee, the Business Trustees, and their respective estates and professionals that have accrued or arisen from

[1] Unless defined herein, capitalized terms shall have the same meaning as set forth in the Motion.

the beginning of time to the entry of the Order approving the Proposed Settlement except for the Allowed Claims.

5. The Business Entities' estates, are hereby deemed to have released any and all manner of actions, causes of action, suits, proceedings, debts, dues, judgments, damages, claims, property damages, expenses, liabilities, rights to payment, acts and/or omissions, demands, and all other claims of every kind, nature, and description, whatsoever, liquidated and unliquidated, fixed and/or contingent, matured and unmatured, priority or non-priority, disputed and/or undisputed, legal or equitable, secured and unsecured, accrued and unaccrued, known and unknown, choate and inchoate, whether based on statutory law, common law, federal law, state law, local law, or otherwise, that they may each have or may have against Tarpenning, the Individual Trustee, the Individual Estate, the Non-Debtor Entities, and their respective professionals from the beginning of time to the entry of the Order approving the Proposed Settlement.

6. The Proposed Settlement is without admission of liability or viability of the various asserted claims and meant to facilitate the orderly closing of the various bankruptcy estates and cease ongoing administrative expense.

7. Notice of the Motion was accurate, appropriate, reasonable and legally sufficient under the circumstances and in accordance with applicable Bankruptcy Code provisions and Bankruptcy Rules.

IT IS SO ORDERED.

###

Submitted by:

SPENCER FANE LLP

By*: /s/ Andrea M. Chase*
Eric L. Johnson KS #20542
Andrea M. Chase KS #26307
1000 Walnut St., Suite 1400
Kansas City, Missouri 64106-2140
Phone: 816-474-8100
Facsimile: 816-474-3216
Email: achase@spencerfane.com

COUNSEL FOR BUSINESS TRUSTEES

-and-

*/ s/Patricia E. Hamilton*
PATRICIA E. HAMILTON, KS Bar No. 13263
4848 SW 21st St., Ste. 201
Topeka, KS 66604
785-408-8000 phone
785-408-8003 fax
phamilton@stevensbrand.com

Counsel for the Chapter 7 Trustee